UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KANE D. WHITRACK                                CIVIL ACTION

VERSUS

FREEDOM WELL SERVICES, L.L.C.

## COMPLAINT

### JURISDICTION AND VENUE

1.

Plaintiff invokes this Court's jurisdiction pursuant to 42 USC § 2000e-5 and 28 USC § 1343(4).

2.

The alleged unlawful employment practices occurred within the Eastern District of Louisiana.

### PARTIES

3.

Plaintiff is a citizen of the United States and a resident of Terrebonne Parish, Louisiana. Plaintiff was employed by defendant at all times relevant to the

1

allegations set forth in this complaint at defendant's business location in Gray, Louisiana.

4.

Defendant Freedom Well Services, L.L.C. employs more than fifty employees("FWS").

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff filed a charge of employment discrimination with the District Office of the Equal Employment Opportunity Commission("EEOC"). The EEOC issued a right to sue letter to the plaintiff.

## ALLEGATIONS OF FACT

6.

Plaintiff was first employed by defendant on or about June 7, 2012.

7.

On October 13, 2014, defendant terminated plaintiff's employment. At the time of termination, plaintiff was a night shift supervisor in charge of a crew engaged in plugging and abandoning wells.

8.

Defendant stated that the reason for terminating the plaintiff's employment was because of: **poor work performance-cemented up blender on offshore location with 23 barrels of cement.**

9.

The reason for termination is not true. Plaintiff was employed as a supervisor. Plaintiff had no hands-on duties with regard to any equipment.

10.

The incident in question occurred as a result of the failure of the day supervisor to inform plaintiff that the day shift had put calcium chloride in the 50 barrel return tank.  This should have been noted on the supervisor's report, communicated orally to the plaintiff, and discussed by plaintiff and his shift workers in the safety meeting which is held at the commencement of the plaintiff's night shift.

11.

A contributing factor to the incident was the valve on the return tank was leaking. This situation was not known to anyone at the time. Valves on such tanks are checked before the tank is installed on site. The valve is not customarily checked as part of the regularly scheduled maintenance on site.

12.

The leak was later discovered on plaintiff's shift. The situation was reported the following morning to the customer's representative and replacement equipment was ordered in and installed on the following shift with no impact on the schedule of operations.

13.

When defendant informed plaintiff that he was being terminated, the next employee in line for the supervisor's position was a black employee.

14.

Rather than promote a qualified black employee, defendant promoted an unqualified white employee.

15.

A similarly situated white supervisor made an error which led to an entire well being cemented up. This supervisor was not disciplined or terminated.

## FIRST CAUSE OF ACTION

## TITLE VII VIOLATION

16.

The defendant discriminated against plaintiff because of plaintiff's race, African-American(black), in violation of Title VII by engaging in, tolerating, or failing to prevent illegal discrimination and by failing to take affirmative action to correct and address these unlawful employment practices.

17.

Plaintiff is entitled to general and special compensatory damages, punitive damages, back pay, benefits, reinstatement, frontpay, reasonable attorneys fees, and court costs.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this court:

(1)  Declare that the employment practices complained of are unlawful;

(2)  Permanently enjoin the defendant, its agents, officers, and employees from engaging in all practices found by this court to be in violation of the law;

(3)  In lieu of reinstatement, that the court award:
    (a)  backpay from date of termination to time of trial;
    (b)  front pay;

(c)  future loss of earnings and/or past, present and future compensatory damages, general damages, and all other relief available pursuant to law;

(4)  Order the defendant to make the plaintiff whole by paying such monetary and non-monetary benefits in amounts to be proved at trial but in all events, more than Ten Thousand Dollars($10,000.00);

(5)  Retain jurisdiction over this action to insure full compliance with the Court's orders, and require the defendant to file such reports as the Court deems necessary to insure compliance;

(6)  Order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees as provided by law;

(7)  Award pre-judgment interest as provided by law;

(8)  Grant such other and further relief to the plaintiff as the Court deems just and proper.

(9)  Grant a trial by jury.

HOGAN & HOGAN

*Thomas J. Hogan, Jr.*
_____
THOMAS J. HOGAN, JR., T.A.
Bar Roll No. 06908
Attorney for Plaintiff
P. O. Box 1274
Hammond, LA 70404
(985)542-7730

Attorney for plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KANE D. WHITRACK                                            CIVIL ACTION

VERSUS

FREEDOM WELL SERVICES, L.L.C.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury.

HOGAN & HOGAN

*Thomas J. Hogan, Jr.*

THOMAS J. HOGAN, JR., T.A.
Bar Roll No. 06908
P. O. Box 1274
Hammond, LA 70404
(985)542-7730

Attorney for plaintiff

### PLAINTIFF WILL REQUEST DEFENDANT WAIVE SUMMONS